IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2016 JAN 27  P 3: 57
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **BELITA A. BROOKS FAKI,** | |
| Plaintiff, | |
| v. | Case No: |
| | TRIAL BY JURY |
| **UNIVERSITY OF ALABAMA SYSTEM UNIVERSITY OF ALABAMA AT BIRMINGHAM COLLEGE OF ARTS AND SCIENCES,** | CV-16-AR-0153-S |
| Defendants. | |

COMPLAINT

I. STATEMENT OF JURISDICTION

1. The jurisdiction of the court is invoked pursuant to 28 U.S.C. " 1331, 1343(a)(1)- (4), 1367, 28 U.S.C. " 2201 & 2202, 42 U.S.C. "1981 and 2000e et seq., as amended and the Americans with Disabilities Act (ADA). This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991. The jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by 42 U. S. C. "1981 and 2000e et seq., as amended by the Civil Rights Act of 1991, providing for injunctive and other relief against age and race and disability discrimination and/or retaliation for complaints of race and/or age  and/or disability discrimination.

2.      Plaintiff, Belita A. Brooks Faki, proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, and the Rehabilitation Act, 29 USC § 701 to remedy acts of employment discrimination and retaliation perpetrated against her by the University of Alabama Birmingham College of And Sciences (UAB). . This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, The Rehabilitation Act, 29 U.S.C. § 701 et seq. and The Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

## Venue

3.      Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was employed by UAB in the Northern District of Alabama at the time of her severance from the defendant. Plaintiff's employment records are maintained by the UAB system, in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. " 1981 and 2000 et seq. Plaintiff timely filed her charge of race, age discrimination and/or retaliation within one hundred eighty (180) days of the alleged discriminatory activity and file this complaint within ninety (90) days of their receipt of the effective date of Right To Sue Letter from the EEOC.

## STATEMENT OF THE PARTIES

5.      Plaintiff, Belita A. Brooks Faki, is an African-American citizen of the United States and a resident of Jefferson County, Alabama. She is above the age of Forty (40) years. She was employed by the defendant at all times of the alleged acts of discrimination.

6.      Defendant, University of Alabama and University System, The University of Alabama at Birmingham, College of Arts and Sciences, hereafter called "UAB", is an entity subject to suit under 42 U.S.C. " 1981 and 2000e et seq., known as Title VII of the Act of Congress, as amended, as amended by The Civil Rights Act of 1991 and The Alabama Age Act.   The defendant employs at least Five Hundred (500) persons.

## STATEMENT OF THE FACTS

7.      The plaintiffs re-allege and incorporate by reference paragraph 1-3 above with the same force and effect as if fully stated in specific detail herein below.

8.      Plaintiff was employed by the UAB on or about fall 1999 as a part-time instructor and later as a non-tenure track instructor.  Plaintiff was awarded 10 years of outstanding teaching and leadership on or about January 2015 for her teaching, dedication and work ethic by the president of the University of Alabama.

9.      Since October 2014 the plaintiff, an individual with a disability, suspected that her wages had been reduced significantly because of her disability,

after plaintiff filed a federal tax return. In December 2014, Instructors in the Department of Foreign Languages and Literatures were informed they would undergo a Discretionary non-tenure track (NTT) bi-annual review. Plaintiff spent considerable time preparing for the review and assembling a file; however, her performance was not reviewed during the 2015 school year.  On September 19, 2015, plaintiff sent an e-mail to Senior Assistant Dean Catherine Danielou requesting the return of the file she assembled in preparation for the review. The file was returned the next week. To date plaintiff's bi-annual performance has not been reviewed. Plaintiff has never been allowed to view her personal file in the UAB College of Arts and Sciences Dean's office although she has requested access.  Plaintiff has had extremely limited access to her departmental file.

    10.    On September 11, 2015, MacKenzie Yeary, a student, ridiculed plaintiff for being sickly and stated that she did not need to work. Plaintiff believes that Dr. Danielou assigned Ms., Yearly to her class for the purpose of ridicule and harassment. Plaintiff further believes that Ms. Danielou has assigned students to her classes for the purpose of building unrest among the students and to manipulate student IDEA surveys.

    11.    Plaintiff was promised accommodations by Departmental chair and Provost legal assistant, Steven Yoder during fall 2015; and was told to file disability documents and accommodations. Plaintiff was not given the accommodations. Plaintiff was further subjected to adverse, terms and conditions of employment after her complaint.  Specifically, plaintiff was subject to extra meetings in order to deny

her terms afforded to other faculty members such the ability to conduct independent study classes and placing a substitute instructor in her class when ill or hospitalized for her disability, mixed autoimmune and Sjogren's Disease. Her supervisor began making additional demands upon her time which were not part of the job description or had not been at the onset of the job and before the complaint of her disability and missing wages and earnings.

12.     Plaintiff was denied a pay raise because of her disability, Sjogrens Disease and mixed autoimmune disease. In fall 2015 and on September 2015 the plaintiff requested specific reasonable accommodations by sending an e-mail to Dean Robert Palazzo. Dean Palazzo referred me to Human Resources Officer Kim Rogers; however, Ms. Rogers is not listed as a Human Resources employee on the employer's website. Plaintiff was also referred to Steven Yoder, who handles legal issues related to faculty affairs in the Provost office. In an appointment with Mr. Yoder in November 2015 plaintiff explained in detail all of the problems she had encountered and detailed reasons of why plaintiff was being discriminated against due to her disability. Plaintiff remitted a summary email to Mr. Yoder following the meeting.

13.     In addition. The Plaintiff was hospitalized and bedridden for her autoimmune diseases at the same time as Margaret (LNU) and Yumi (LNU) received maternity leave and replacement instructors in their classrooms. Through her employment at UAB Margaret was continually given a semester plus maternity leaves (three births), replacement instructors, raises, opportunities to serve on committees, opportunities to positively contribute to her file, etc. Plaintiff was not given a raise.

Yumi was hired spring 2015 and given maternity leave for the fall of 2015. Margaret and Yumi are Caucasian and Japanese respectively, gave birth early to mid-summer 2015 and have not complained of disability discrimination.

14. As a result, plaintiff has suffered great emotional distress, loss of employment and other benefits of her employment

15. Plaintiff was terminated for complaining about mistreatment and unfair and adverse actions due to her disability and was replaced by healthy white male employees.

CAUSE OF ACTION -- Disability, Retaliation
Pay and Other Adverse Terms, Conditions & Privileges
42 U.S.C. "1981, 2000 et seq.

16. The plaintiff re-allege and incorporate by reference paragraph 1-13 above with the same force and effect as if fully stated in specific detail herein below.

17. The defendants engage in a pattern and practice of discriminatory conduct regarding disability, and by retaliating against plaintiff for complaining of such.

18. Plaintiff was subjected to adverse terms, conditions and privileges of employment due to her disability.

CAUSE OF ACTION - Racial Discrimination Retaliation
in Violation of
(Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)

19. The plaintiff re-alleges and incorporates by reference paragraph 1-18 above with the same force and effect as if fully stated in specific detail herein below.

20. The plaintiff complained of the discriminatory treatment throughout her employment, Caucasian employees in similar position were treated differently and allowed better terms conditions and privileges of their positions. Plaintiff was a long term employee and continually subjected to disparate treatment.

## PRAYER FOR RELIEF

Wherefore, Premises Considered, plaintiff respectfully prays that this court assume jurisdiction of this action and after trial provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. " 1981 and 2000e et seq., as amended, and the Civil Rights Act of 1991, and the Rehabilitation Act, 29 USC § 701 and the ADA.

2. Grant the plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. 1981 and 2000e et. seq., as amended, the Civil Rights Act of 1991,and the Rehabilitation Act, 29 USC § 701.

3. Enter an order requiring the defendant to make the plaintiff whole by awarding her back-pay, front-pay, nominal, compensatory, and punitive damages. Plaintiff also request any loss of work-related benefits, including but not limited to pension, healthcare, 401(k), vacation pay, holiday pay, compensatory time or any other benefit no matter how it is denoted by the defendant.

4.	Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney fees and expenses incurred by this litigation.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

Respectfully submitted,

Belita Brooks Faki
5705 Belle Ridge Trail
Birmingham, AL 35210
(205) 261-8031
babylonfaki@yahoo.it

*/s/ Belita Faki*

**Defendant's Address**
**R. Cooper Shattuck, General Counsel**
The University of Alabama System
500 University Boulevard East
Tuscaloosa, AL 35401

EEOC Form 161 (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Belita Faki<br>5705 Belle Ridge Trail<br>Birmingham, AL 35210 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-00253 | Debra Powell, Investigator | (205) 212-2085 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Delner Franklin-Thomas,
District Director

11/2/2015
(Date Mailed)

cc: **UAB**
c/o Anita Bonasera, Director, Employee Relations
AB 210
1720 – 2nd Avenue South
Birmingham, AL 35294-0102