FILED
2016 Apr-04 PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BELITA A. BROOKS FAKI, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| v. | } |
| | } 2:16-cv-153-WMA |
| UNIVERSITY OF ALABAMA SYSTEM, et al., | } |
| | } |
| Defendants. | } |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Belita A. Brooks Faki ("Faki") initiated this *pro se* employment discrimination case against defendants University of Alabama System and University of Alabama at Birmingham College of Arts and Sciences (collectively "UAB") on January 27, 2016. Her complaint references many different statutes, including Title VII, 42 U.S.C. § 1981, the Americans with Disabilities Act, the Rehabilitation Act, the Age Discrimination in Employment Act, and the Alabama Age Act, though she only asserts two causes of action against UAB. The first is styled "Disability, Retaliation, Pay and Other Adverse Terms, Conditions & Privileges, 42 U.S.C. §§ 1981, 2000 et seq." The second is styled "Racial Discrimination Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq." (Doc. 1 at 6). UAB has moved to dismiss the action. The court agrees with UAB that Faki's complaint is deficient but will grant her an opportunity to amend it.

UAB first argues that Count One fails because 42 U.S.C. § 1981

1

and Title VII provide no remedy for disability discrimination, a correct assertion. "Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 472 (11th Cir. 1999). It also encompasses retaliation claims. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442 (2008). It does not, however, prohibit disability discrimination. Neither does Title VII, which only prohibits discrimination based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Count One is therefore deficient as currently pled.[1]

While not specifically invoking them in Count One, Faki's complaint also mentions the ADA and the Rehabilitation Act, two statutes that **do** prohibit disability discrimination. UAB, however, is immune from employment discrimination claims brought under the ADA. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Faki, though, may be able to assert her claims of disability discrimination under the Rehabilitation Act, and the court will provide her an opportunity to do so.

UAB next argues that Count Two is deficient because her race discrimination and retaliation claims fail Title VII's exhaustion requirement. "Prior to filing a Title VII action . . . a plaintiff

---

[1] To the extent Count One asserts a retaliation claim under § 1981, that claim fails because UAB is immune, as described below.

first must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "[A] 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 1280 (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). "Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)).

In this case, Faki filed a charge of discrimination with the EEOC, but she only complained of disability discrimination, not race discrimination or retaliation. (Doc. 7 at 12-13). She only checked the box for disability discrimination, claimed only that she was discriminated against because of her disability, and alleged no facts that would suggest race discrimination or retaliation. Thus, her Title VII race discrimination and retaliation claims are unexhausted.

While Faki's complaint also invokes § 1981, a statute that prohibits race discrimination and retaliation but does not require presentation of her claims to the EEOC, *see Price v. M & H Valve Co.*, 177 F. App'x 1, 9 (11th Cir. 2006), construing Count Two as a § 1981 claim would not avoid dismissal. Section 1981 does not provide a cause of action against state actors such as UAB.

Instead, "[42 U.S.C.] § 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981." *Butts v. Cty. of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000). UAB, however, is immune from suit under § 1983. *Strickland v. Bd. of Trs. of Univ. of Ala.*, No. 2:14-cv-1389-WMA, 2014 WL 6749019, at *2 (N.D. Ala. Dec. 1, 2014).

Accordingly, UAB's motion to dismiss (Doc. 7) is GRANTED. The above-entitled action will be dismissed with prejudice unless Faki files an amended complaint curing the above-mentioned deficiencies by **April 18, 2016**.

DONE this 4th day of April, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE