**FILED**
2016 Aug-04  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BELITA A. BROOKS FAKI, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 2:16-cv-153-WMA |
| UNIVERSITY OF ALABAMA SYSTEM | } | |
| and the UNIVERSITY OF | } | |
| ALABAMA AT BIRMINGHAM | } | |
| COLLEGE OF ARTS AND | } | |
| SCIENCES, | } | |
| | | |
| Defendant. | | |

## <u>MEMORANDUM OPINION & ORDER</u>

On April 18, 2016, pro se plaintiff Belita A. Brooks Faki filed an amended complaint alleging as its sole cause of action a claim under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Doc. 10). Now plaintiff has filed what is labeled a "Request for Contract Enforcement" invoking supplemental jurisdiction per 28 U.S.C. § 1367 to enforce a contract for severance benefits between Faki and defendants. (Doc. 14). Defendants filed a response to plaintiff's motion on the basis that this court lacks subject matter jurisdiction given that it is a state agency immune from suit based on sovereign immunity. (Doc. 15).

In essence, the motion filed by the pro se plaintiff is a motion to amend her complaint to add this additional contract

claim in an exercise of supplemental jurisdiction per § 1367. See *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam)) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").   While an exercise of supplemental jurisdiction over a pendant state claim rests with the discretion of the district court, *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004), the court must first determine whether it has the power to assert subject matter jurisdiction in this case. *Lykins v. Pointer, Inc.*, 725 F.2d 645, 649 (11th Cir. 1984)

In general, Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363-64, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001).   While defendants have clearly waived sovereign immunity as to plaintiff's original claim under the Rehabilitation Act, *Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees*, 344 F.3d 1288, 1290-93 (11th Cir. 2003) (per curiam), waiver of sovereign immunity for a state contract claim is a separate question.

2

"The test to determine if a state has waived its sovereign immunity is a stringent one . . . [where] [a] waiver of Eleventh Amendment immunity must specifically permit suits in federal court." *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012) (quotes omitted).  In general, "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.  While Alabama has developed several exceptions to this general prohibition, "defendant boards of trustees are corporate bodies governing the universities, and there is no exception to the immunity afforded the State by § 14 that would permit the trial court to entertain an action against them." *Vandenberg v. Aramark Educ. Servs., Inc.*, 81 So. 3d 326, 333 (Ala. 2011).  In plaintiff's motion now before this court, she moves to add a contract claim against defendants who, as part of the state university system, are immune from such claims. Therefore, because this court lacks subject matter jurisdiction, the motion is **DENIED.**

Finally, in its response, defendants clarified that they are solely the Board of Trustees of the University of Alabama and that the pro se plaintiff incorrectly names it as both the University of Alabama System and as the University of Alabama at Birmingham College of Arts and Sciences. (Doc. 15 at 1).  Where a pro se plaintiff's error is salvageable "the district court

3

should give the pro se plaintiff an opportunity to amend [her] complaint instead of dismissing it." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010). Therefore, plaintiff will be given leave to amend her complaint to properly name defendant **on or before August 10, 2016.**

> **DONE** this 4th day of August, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE